*179 OPINION OF THE COURT
Richard Ross, J.
In this proceeding filed pursuant to Family Court Act article 3, the New York City Commissioner of Social Services (CSS) seeks to vacate an order of disposition of June 17, 1996 which placed the respondent with CSS following an adjudication of the respondent as a juvenile delinquent and directed CSS "to explore forthwith and attempt to certify as an authorized placement the Tampa Bay Academy of Riverview, Florida”. The order further stated that "Once Tampa Bay Academy is so certified, the respondent should be transferred from his current foster home to Tampa Bay Academy forthwith”.
In a separate proceeding filed in Bronx Family Court pursuant to Family Court Act article 10, the respondent herein had been adjudicated an abandoned child and had been discharged to CSS. (Matter of Jonathan A., Fam Ct, Bronx County, Feb. 2, 1996, Bolstad, J.; see, Family Ct Act § 1059.) One week later, while living in Monroe County in CSS custody, the respondent made an admission in Monroe County Family Court that he had committed acts which if he were an adult would constitute the crimes of attempted sodomy in the first degree and sexual abuse in the first degree. (See, Penal Law §§ 110.00, 130.50 [2]; § 130.65 [2].) A finding of fact based on that admission was made on February 9, 1996 by Monroe County Family Court, which then transferred the proceeding to Bronx Family Court for a dispositional hearing. (See, Family Ct Act § 302.3 [4].)
The dispositional hearing was continued in Bronx Family Court over seven court appearances. (So-called "speedy disposition” was waived.) On June 17, 1996, the court determined that the least restrictive dispositional alternative consistent with the needs and best interests of the respondent and the community’s need for protection was placement and that placement with CSS was the appropriate placement. (See, Family Ct Act §§ 352.2, 353.3.) (By that date, the proceeding had been transferred to New York County Family Court, since the Family Court Judge presiding over the proceeding in Bronx Family Court had been transferred to New York County.) An exhaustive national placement exploration was conducted for this respondent, who is deaf, communicates by sign language, and exhibits psychological pathology and sexually deviant behavior. Few appropriate placements presented themselves. The Tampa Bay Academy, however, provides all of the special services that the respondent requires. The presentment agency and the re *180 spondent consented to the court’s June 17, 1996 dispositional order.
CSS now asserts that the court had no authority to direct CSS to place a child outside New York State or to certify an agency located outside New York State for that purpose. CSS argues that in making a Family Court Act § 353.3 placement, the Family Court can require CSS to place a respondent only in an "authorized agency” (see, Family Ct Act § 353.3 [2]), further arguing that Social Services Law § 371 (10) (a) defines an authorized agency as an agency "which is incorporated or organized under the laws of this state * * * which actually has its place of business or plant in this state”.
However, Social Services Law § 374-a, the Interstate Compact on the Placement of Children (ICPC), permits a juvenile delinquent to be placed out of State if such placement is in the best interests of the child, will not produce undue hardship, and equivalent facilities are not available in the State making the placement. (Social Services Law § 374-a [1] [art VI].) The court has found that these criteria are satisfied herein. The CSS interpretation of Family Court Act § 353.3 (2) would make CSS placement of juvenile delinquents outside New York State a legal impossibility, thus nullifying the clear ICPC provisions permitting such placement. (See, Social Services Law § 374-a [1] [art VI]; § 374-a [8].) Thus, the CSS interpretation is improper, especially in a situation, such as in the instant case, where a respondent — an abandoned child — has special physical challenges, communications needs, and treatment requirements. Only by supporting the respondent in an environment that offers a realistic hope of his rehabilitation can his needs and best interests be properly served and the community’s present and future need for protection be assured. The ICPC provides the authority to place the respondent in such an environment out of State in circumstances where an appropriate in-State placement is not available. Laws shall be read to give effect to all provisions of a statute. (McKinney’s Cons Laws of NY, Book 1, Statutes § 97.) "[A] court must try to harmonize them [conflicting statutory provisions], without doing violence to any of them, and proceed on the assumption that the Legislature did not deliberately place in the statute a phrase intended to serve no purpose.” (McKinney’s Cons Laws of NY, Book 1, Statutes § 98 [b].)
CSS further claims that the respondent’s conduct makes placement with CSS inappropriate, arguing that placement with the New York State Division for Youth would be the cor *181 rect dispositional choice. The kinds of concerns CSS raises in this regard were fully explored and considered by the court during the dispositional hearing. CSS has presented no substantial change of circumstances for rehearing. (See, Family Ct Act § 355.1.) In fact, as of this date, the respondent remains in the same special needs foster home in which he lived during the dispositional hearing. This home, despite the best efforts of the foster parent, does not satisfy the needs and best interests of the respondent or the community’s need for protection, according to the credible evidence presented at the dispositional hearing.
In view of the foregoing, the motion to vacate the June 17, 1996 dispositional order is denied.